UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 15-CR-6229-VALLE**

UNITED STATES OF AMERICA,

v.

JOSE NIEVES, JR.,

    Defendant.
_____/

## DETENTION ORDER

On June 2, 2015, this Court held a detention hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Jose Nieves, Jr. ("Defendant") should be detained before trial. The Government sought to detain Defendant on the grounds that he is a danger to the community and flight risk. *See* 18 U.S.C. § 3142(e). Additionally, because the Defendant is charged with certain offenses involving minors, a rebuttable presumption of pretrial detention applies in this case. *See* 18 U.S.C. § 3142(e)(3)(E).

Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the Affidavit in Support of the Criminal Complaint, the testimony of the law enforcement agent, and the Pretrial Services Report, the Court finds that Defendant has failed to rebut the presumption arising under 18 U.S.C. § 3142(e)(3)(E) that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant is released pending trial. The Court, therefore, orders that Defendant be detained pending trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1.      Defendant is charged by Criminal Complaint with enticement of a minor, in violation of 18 U.S.C. § 2422(b), and production of child pornography in violation of 18 U.S.C. § 2251(a).  If convicted, Defendant faces a mandatory minimum of 10 years to a possible maximum sentence of life in prison.

2.      The weight of the Government's evidence against Defendant is substantial.  At the detention hearing, the Government proffered evidence that:

    a.      On May 8, 2015, the Plantation Police Department received information that Defendant was engaging in sex acts with several underage females while working as a United States Army recruiter in Broward County.  A 17 year old victim, identified as L.A., met with law enforcement and provided information about what occurred.  L.A. advised that she had met Defendant at her high school in January 2015, while Defendant was working as an Army recruiter.  L.A. and another 17 year old victim, identified as R.K., were later transported to the United States Army office located in Plantation, Florida, by other Army recruiters.  While at the office, L.A. and R.K. received information about joining the Army.  Defendant then drove L.A. and R.K. back to their school.  Defendant gave L.A. and R.K. his personal cell phone number.  Thereafter, L.A. and R.K. began communicating with Defendant using the social media application "Whats App."  L.A. stated that when the communication switched from regular text messaging to "Whats App," the conversations became more enticing and sexual in nature.

    b.      In February 2015, Defendant drove L.A. to her home from the recruiting office using his personal vehicle.  Once near her home, Defendant convinced L.A. to engage in oral sex.  Defendant knew that L.A. was a minor because he had seen her paperwork for the Army.

  c. On May 19, 2015, another 17 year old victim, identified as I.R., was interviewed at the Plantation Police Department regarding her interactions with recruiters from the United States Army. I.R. advised that she had initiated the recruitment process and participated in weekly physical training ("PT") sessions. Defendant was in charge of conducting the PT sessions and introduced himself to I.R. when she started attending PT in March 2015.

  d. After the second week of PT sessions, I.R. received a text message on her cellular phone from Defendant. I.R. had not given Defendant her number and assumed that he got it from her recruitment paperwork. During their text conversations, Defendant flirted with I.R. At one point, Defendant asked I.R. if she was interested in older guys. Defendant knew I.R.'s age from her recruitment paperwork, but I.R. also recalled having told him her age during the time that they spent together.

  e. During March and April 2015, Defendant often picked up I.R. from her residence in his government vehicle to take her to PT sessions. Defendant was always alone. Defendant picked up I.R. approximately 30 minutes early so that they could spend time together before the PT session. The first time that Defendant picked up I.R. from her residence, he took her to a private area in her neighborhood and engaged in sexual activity with her.

  f. Defendant provided his personal cell phone number to L.A. and I.R., saying his Army-issued phone was not working.

  g. A forensic examination of I.R.'s phone confirmed numerous text messages between I.R. and Defendant containing graphic and sexual messages. On several occasions, Defendant asked I.R. to take and send to him naked pictures of herself. I.R. complied with Defendant's request and texted him naked pictures of herself. On one occasion, Defendant

3

instructed I.R. to insert her fingers into her vagina and take a picture to send to him. I.R. complied with Defendant's request.

    h.    Another minor (and mutual friend of I.R. and Defendant), R.K., was also interviewed by law enforcement. R.K. said that Defendant texted her naked pictures of other girls. One of the pictures was of a female digitally penetrating herself. R.K. stated that Defendant told her that the female in the picture was I.R. During a search of R.K.'s cellular phone, a screen capture of a conversation with Defendant was recovered that included a picture of a female digitally penetrating herself. The picture had the following message from Defendant: "I asked her for a pic fingering and she always makes me happy with what I want. LOL."

    i.    I.R. was subsequently shown the photograph recovered from R.K.'s phone, and she identified herself as the person in the photograph.

    j.    The Government recovered a text message from Defendant's cellular telephone in which he stated that he was willing to take his own life to avoid incarceration.

    k.    Based on its investigation to date, the Government estimates that in 1 ½ years as an Army recruiter in South Florida, Defendant has victimized between 7-10 underage girls.

3.    The Court hereby incorporates and makes part of this Order the facts contained in the Pretrial Services Report. Specifically, according to the Pretrial Services Report, Defendant has significant ties to Puerto Rico, Tennessee, and Kentucky.

4.    Based on the above findings of fact and the weight of the evidence, and in consideration of the nature of the offenses, Defendant's breach of his position of trust, and the number of minor female victims, the Court finds that Defendant has failed to rebut the presumption arising under 18

U.S.C. § 3142(e)(3)(E) that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant is released pending trial.

    5.    Accordingly, the Court hereby directs that:

        a.    Defendant be detained without bond;

        b.    Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

        c.    Defendant be afforded reasonable opportunity for private consultation with his counsel;

        d.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on June 3, 2015.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:    Pretrial Services
       U.S. Marshals Service
       All counsel of record