```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                      WEST PALM BEACH DIVISION
                  Case No.:  15-60123-CR-Rosenberg
```

**UNITED STATES OF AMERICA,**         )
                                      )
        Plaintiff,            )
                                      ) West Palm Beach, Florida
   -v-                             ) October 9, 2015
                                      ) 12:46 PM - 1:11 PM
**JOSE NIEVES, JR.,**                 ) Pages:  1-19
                                      )
        Defendant.            )

**CHANGE OF PLEA**
BEFORE THE HONORABLE JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the United States | **JODI ANTON, AUSA**<br>United States Attorney's Office<br>500 East Broward Boulevard<br>Suite 700<br>Fort Lauderdale, Florida 33394<br>954.660.5692<br>jodi.anton@usdoj.gov |
| For the Defendant | **ERNEST BRADLEY WESTERHOLD**<br>Westerhold & Lokeinsky, LLC<br>701 Brickell Avenue<br>Suite 1550<br>Miami, Florida 33131<br>305.728.5371<br>brad@abogadosw.com |
| STENOGRAPHICALLY REPORTED BY: | **TAMRA K. PIDERIT, RDR, CRR**<br>Official Court Reporter<br>400 North Miami Avenue, Suite 11S03<br>Miami, Florida 33128<br>305.523.5158<br>tamra_piderit@flsd.uscourts.gov |

```
 1                        P R O C E E D I N G S
 2               (Court called to order at 12:46 PM.)
 3          THE COURT:  Calling United States vs. Jose Nieves, Jr.
 4          Counsel, please announce your appearances.
 5          MS. ANTON:  Good afternoon, Your Honor.  Jodi Anton on
 6   behalf of the United States, and present with me at counsel's
 7   table is Task Force Officer Adam Granite with the FBI.
 8          THE COURT:  Good afternoon.
 9          MR. WESTERHOLD:  Good afternoon, Your Honor.  Brad
10   Westerhold on behalf of Jose Nieves, Jr.
11          THE COURT:  Would you please swear him in.
12                          JOSE NIEVES, JR.,
13   having been duly sworn, was examined and testified as follows:
14          THE COURT:  Could you spell your last name, please?
15          THE DEFENDANT:  N-i-e-v-e-s, Your Honor.
16          THE COURT:  Thank you.  And do you pronounce it
17   knee-ev-ez?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Mr. Nieves, do you understand that you are
20   now under oath, and if you answer any of my questions falsely,
21   your answers may later be used against you in another
22   prosecution for perjury or making a false statement?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Do you understand that I am a United States
25   magistrate judge, and I will not be the judge deciding what
```

1     sentence to impose in your case?
2             THE DEFENDANT:  Yes, Your Honor.
3             **THE COURT:**  Do you understand that the district judge
4     assigned to your case will be the judge making all decisions
5     concerning the sentence to be imposed and will preside over the
6     sentencing hearing?
7             THE DEFENDANT:  Yes, Your Honor.
8             **THE COURT:**  Do you understand that you have the right
9     to require the district judge to conduct this change of plea
10    hearing instead of allowing me to do it?
11            THE DEFENDANT:  Yes, Your Honor.
12            **THE COURT:**  Do you understand that if you agree to
13    allow me to conduct this change of plea hearing, you are giving
14    up your right to require the district judge to do it?
15            THE DEFENDANT:  Yes, Your Honor.
16            **THE COURT:**  Do you agree to allow me to conduct this
17    change of plea hearing?
18            THE DEFENDANT:  Yes, Your Honor.
19            **THE COURT:**  And Counsel for the Defendant, you consent?
20            MR. WESTERHOLD:  Yes, Your Honor.
21            **THE COURT:**  And does the Government consent?
22            MS. ANTON:  Yes, Your Honor, we do.
23            **THE COURT:**  Where were you born, Mr. Nieves?
24            THE DEFENDANT:  Brooklyn, New York, Your Honor.
25            **THE COURT:**  How old are you?

1           THE DEFENDANT:  Thirty years old.
2           **THE COURT:**  How far did you go in school?
3           THE DEFENDANT:  Two years of college, Your Honor.
4           **THE COURT:**  Have you been treated recently for any
5    mental illness or addiction to narcotic drugs of any kind?
6           THE DEFENDANT:  No, Your Honor.
7           **THE COURT:**  Are you currently under the influence of
8    any drug, medication, or alcoholic beverage of any kind?
9           THE DEFENDANT:  Negative, Your Honor.
10          **THE COURT:**  Have you received a copy of the indictment
11   pending against you, that is, the written charges made against
12   you in this case, and have you fully discussed those charges and
13   the case in general with your attorney?
14          THE DEFENDANT:  Yes, Your Honor.
15          **THE COURT:**  Are you fully satisfied with the counsel,
16   representation, and advice given to you in this case by your
17   attorney?
18          THE DEFENDANT:  Yes, Your Honor.
19          **THE COURT:**  Did you have an opportunity to read and
20   discuss the plea agreement with your attorney before you signed
21   it?
22          THE DEFENDANT:  Yes, Your Honor.
23          **THE COURT:**  Is that your signature at the end of the
24   plea agreement on page 6?
25          THE DEFENDANT:  Yes, Your Honor.

```
 1                THE COURT:  Mr. Westerhold, is that yours?
 2                MR. WESTERHOLD:  Yes, Your Honor.
 3                THE COURT:  Ms. Anton?
 4                MS. ANTON:  It is, Your Honor.
 5                THE COURT:  Do you fully understand the plea agreement?
 6                THE DEFENDANT:  Yes, Your Honor.
 7                THE COURT:  Does the plea agreement represent all the
 8      understandings that you have with the Government?
 9                THE DEFENDANT:  Yes, Your Honor.
10                THE COURT:  Has anyone made any promises or assurances
11      that are not in the plea agreement to persuade you to accept it?
12                THE DEFENDANT:  No, Your Honor.
13                THE COURT:  Has anyone threatened you in any way to
14      persuade you to accept it?
15                THE DEFENDANT:  No, Your Honor.
16                THE COURT:  Do you understand that the terms of the
17      plea agreement are merely recommendations to the Court, that the
18      Court can reject the recommendations without permitting you to
19      withdraw your plea of guilty, and may impose a sentence that is
20      more severe than you may anticipate up to the statutory maximum?
21                THE DEFENDANT:  Understood, Your Honor.
22                THE COURT:  Do you understand that pursuant to
23      paragraph 1 of the plea agreement, the Court -- excuse me, you
24      are agreeing to plead guilty to Count 1 and 2 of the indictment
25      which charges that you knowingly persuaded and induced, enticed,
```

1  or coerced an individual who had not attained the age of 18
2  years old, that is L.A. and I.R., to engage in any sexual
3  activity for which a person can be charged with a criminal
4  offense and attempted to do so in violation of Title 18, United
5  States Code, Section 2422(b)?
6          THE DEFENDANT:  Yes, Your Honor.
7          **THE COURT:**  Do you also understand that pursuant to
8  paragraph 3 of the plea agreement, as to each of the Counts 1
9  and 2, the Court must impose a mandatory minimum term of
10 10 years' imprisonment up to a maximum of life imprisonment and
11 a fine of up to $250,000 as to each of them and must order
12 restitution and a supervised release term of up to life?
13         Is that correct, Government?
14         MS. ANTON:  Yes, it is, Judge.  And it is contained,
15 actually, in paragraph --
16         **THE COURT:**  There is no mandatory minimum sentence?
17         MS. ANTON:  At least five years of supervised release,
18 and that's what's contained in paragraph 7, up to life.
19         **THE COURT:**  Do you understand that those are the
20 penalties that you are facing that I have just read to you and
21 the Government just read to you?
22         THE DEFENDANT:  Yes, Your Honor.
23         **THE COURT:**  Do you also understand that a special
24 assessment in the amount of $100 as to each count for a total of
25 $200 will be imposed upon you to be paid at the time of

1     sentencing?
2             THE DEFENDANT:  Now I do, Your Honor.
3             **THE COURT:**  Do you want to discuss that with your
4     attorney?
5             THE DEFENDANT:  That's all right, Your Honor.
6             **THE COURT:**  Okay.  When you say now you do, did you
7     read that in the plea agreement?  I think that's -- let me see
8     where that is in the plea agreement.
9             THE DEFENDANT:  I probably forgot about it, Your Honor.
10    It's all good.
11            **THE COURT:**  That's in paragraph 5 of the plea
12    agreement.  Does that refresh your recollection?
13            THE DEFENDANT:  Yes, Your Honor.
14            **THE COURT:**  But you did read the entire plea agreement,
15    didn't you?
16            THE DEFENDANT:  Yes, Your Honor.  It's been a while.  A
17    lot going on, Your Honor.
18            **THE COURT:**  I understand.
19        Do you understand that the offenses to which you are
20    pleading guilty are felonies, that if your plea is accepted, you
21    will be adjudged guilty of those felonies, and such adjudication
22    may affect your right to vote, the right to hold public office,
23    the right to serve on a jury, and the right to possess any kind
24    of firearm?
25            THE DEFENDANT:  Yes, Your Honor.

```
 1              THE COURT:  Do you understand that if you violate the
 2    conditions of supervised release, you can be given additional
 3    time in prison?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  Do you also understand that pursuant to
 6    paragraphs 9 and 10, you will also be required to register as a
 7    sex offender?  Do you understand that?
 8              THE DEFENDANT:  Yes, Your Honor.
 9              THE COURT:  Did you have an opportunity to read and
10    discuss with your attorney those sex offender requirements that
11    are specified in paragraphs 9 and 10?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Do you fully understand them?
14              THE DEFENDANT:  For the most part, Your Honor.
15              THE COURT:  Well, that's not good enough.  Do you want
16    to take some time to talk about it with your attorney so you
17    understand all of them?
18              THE DEFENDANT:  Sure.  Yes, Your Honor.
19              THE COURT:  Go ahead.
20              (Counsel conferring with the Defendant.)
21              THE DEFENDANT:  Understood, Your Honor.
22              THE COURT:  You fully understand those sex offender
23    registration requirements that are outlined in paragraphs 9 and
24    10?
25              THE DEFENDANT:  Yes, Your Honor.
```

```
1         THE COURT:  Do you need more time to talk about them
2    with your attorney?
3         THE DEFENDANT:  I'm good now.  Thank you, Your Honor.
4         THE COURT:  Okay.  I think I asked this of you already,
5    but let me ask you again.  Do you understand that if you violate
6    the conditions of supervised release, you can be given
7    additional time in prison?
8         THE DEFENDANT:  Yes, Your Honor.
9         THE COURT:  And do you understand that your sentence
10   will be determined by a combination of the Advisory Sentencing
11   Guidelines, possible authorized departures from those
12   guidelines, and other statutory sentencing factors?
13        THE DEFENDANT:  Can you repeat that again, Your Honor?
14   I'm sorry.
15        THE COURT:  Sure.  Sure.  Absolutely.  Do you
16   understand that your sentence will be determined by a
17   combination of Advisory Sentencing Guidelines, possible
18   authorized departures from those guidelines, and other statutory
19   sentencing factors?
20        THE DEFENDANT:  Yes, Your Honor.
21        THE COURT:  Have you and your attorney talked about how
22   these Advisory Sentencing Guidelines might apply to your case?
23        THE DEFENDANT:  Yes, Your Honor.
24        THE COURT:  Do you understand that the Court will not
25   be able to determine the advisory guideline range for your case
```

1   until after the presentence report has been completed, and you
2   and the Government have had an opportunity to challenge the
3   reported facts and the application of the guidelines recommended
4   by the probation officer and that the sentence ultimately
5   imposed may be different from any estimate your attorney may
6   have given you?
7            THE DEFENDANT:  I'm kind of confused, Your Honor.
8            **THE COURT:**  Okay.
9            THE DEFENDANT:  I signed a plea for a certain amount of
10  years, so I don't know how it works.
11           **THE COURT:**  Well, let me explain a couple things in
12  relation to that.
13           THE DEFENDANT:  All right.
14           **THE COURT:**  First of all, it's merely a recommendation
15  to the Court.  The Court can still reject the recommendation and
16  not allow you to withdraw your plea of guilty.  It may impose a
17  sentence up to the statutory maximum.  Do you understand that?
18           THE DEFENDANT:  Yes, Your Honor.
19           **THE COURT:**  But the Court will be guided by certain
20  factors, Sentencing Guidelines, possible authorized departures
21  from those guidelines, and other statutory sentencing factors.
22  Do you understand that?
23           THE DEFENDANT:  This is a recommendation what I just
24  signed?
25           **THE COURT:**  Correct.

1	THE DEFENDANT: Understood, Your Honor.

2	**THE COURT:** Right. And do you understand that as to

3	the sentencing guideline range, the advisory guideline range for

4	your case, the Court will not be able to determine that range

5	until after the presentence report has been completed and you

6	and the Government have had an opportunity to challenge the

7	reported facts and the application of the guidelines to those

8	facts that the probation officer recommends to the Court, and

9	the Court will not be able to determine that range until after

10	Probation makes that recommendation to the Court and you have

11	had an opportunity to challenge that application and the facts

12	that the Probation Office recommends to the Court. Do you

13	understand that?

14	THE DEFENDANT: Yes, Your Honor.

15	**THE COURT:** And do you understand that the sentence

16	ultimately imposed may be different from any estimate your

17	attorney may have given you, and it may be different from the

18	recommendation that's given in the plea agreement? Do you

19	understand that?

20	THE DEFENDANT: Understood, Your Honor.

21	**THE COURT:** Do you also understand that after your

22	initial advisory guideline range has been determined by the

23	Court, the Court still has the authority in some circumstances

24	to depart upward or downward from that range and will also

25	examine other statutory sentencing factors that may result in

1   the imposition of a sentence that is either greater or lesser
2   than the advisory guideline sentence?
3           THE DEFENDANT:  Understood, Your Honor.
4           **THE COURT:**  And it can be greater or lesser than the
5   recommendation, too.  Do you understand that?
6           THE DEFENDANT:  Totally, Your Honor.
7           **THE COURT:**  Do you also understand that parole has been
8   abolished, and if you are sentenced to prison, you will not be
9   released on parole?  Do you understand that?
10          THE DEFENDANT:  I didn't know that, Your Honor, until
11  now.
12          **THE COURT:**  There used to be such a thing as parole
13  that could result in an early release of a defendant from jail,
14  but years ago parole was abolished.  So if you are sentenced to
15  prison, you won't be released on parole.  Do you understand that
16  now?
17          THE DEFENDANT:  Now I do, Your Honor.
18          **THE COURT:**  Do you wish to talk about it with your
19  attorney at all?
20          THE DEFENDANT:  It won't make a difference, Your Honor.
21  It's okay.
22          **THE COURT:**  If you want to, you can talk about it with
23  your attorney.
24              (Discussion held off the record.)
25          THE DEFENDANT:  I'm good now, Your Honor.  You can

1     proceed.  Thank you.
2            **THE COURT:**  Okay.  So you understand that parole has
3     been abolished, and you won't be released on parole if you are
4     sentenced to prison?
5            THE DEFENDANT:  Understood, Your Honor.
6            **THE COURT:**  Do you also understand that under some
7     circumstances you or the Government may have the right to appeal
8     any sentence that is imposed?
9            THE DEFENDANT:  Yes, Your Honor.
10           **THE COURT:**  Do you understand that you have the right
11    to plead not guilty to any offense charged against you and to
12    persist in that plea?
13           THE DEFENDANT:  Yes, Your Honor.
14           **THE COURT:**  That you would then have the right to a
15    trial by jury?
16           THE DEFENDANT:  Yes, Your Honor.
17           **THE COURT:**  That at such trial you would be presumed to
18    be innocent, and the Government would have to prove your guilt
19    beyond a reasonable doubt?
20           THE DEFENDANT:  Yes, Your Honor.
21           **THE COURT:**  That you would have the right to the
22    assistance of counsel for your defense appointed by the Court,
23    if necessary, at that trial, and every other stage of the
24    proceeding, a right to see and hear all the witnesses and have
25    them cross-examined in your defense, a right on your own part to

```
 1    decline to testify unless you voluntarily elected to do so in
 2    your own defense, and the right to compel the attendance of
 3    witnesses to testify in your defense?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  Do you further understand that should you
 6    decide not to testify or put on any evidence at such trial,
 7    these facts could not be used against you?
 8              THE DEFENDANT:  Understood, Your Honor.
 9              THE COURT:  Do you further understand that by entering
10    a plea of guilty and that plea is accepted by the Court, there
11    will be no trial, and you will have waived, or given up, your
12    right to a trial as well as those other rights associated with a
13    trial as I have just described them to you?
14              THE DEFENDANT:  Not really.  Not totally.
15              THE COURT:  Do you understand if you plead guilty, you
16    are not going to get a trial?  Do you understand that?
17              THE DEFENDANT:  Right.
18              THE COURT:  I mean, you will be adjudicated guilty.
19    You will be convicted based upon your guilty plea if you
20    continue to plead guilty and the Court accepts it.  Do you
21    understand that there won't be any trial because you would have
22    pled guilty?  Do you understand that?
23              THE DEFENDANT:  Can I talk to my attorney real quick,
24    Your Honor?
25              THE COURT:  Sure.  Take your time.
```

```
 1                    (Discussion held off the record.)
 2            THE DEFENDANT:  We are good, Your Honor.
 3            THE COURT:  Okay.  Do you understand that by entering a
 4   plea of guilty, if that plea is accepted by the Court, there
 5   will be no trial, and you will have waived, or given up, your
 6   right to a trial as well as those other rights associated with a
 7   trial as I have just described them to you?
 8            THE DEFENDANT:  Yes, Your Honor.
 9            THE COURT:  Did you have an opportunity to read and
10   discuss with your attorney before you signed it the stipulated
11   factual basis in support of plea?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  Is that your signature at the end of the
14   stipulated factual basis on page 4?
15            THE DEFENDANT:  Yes, Your Honor.
16            THE COURT:  And, Mr. Westerhold, is that yours?
17            MR. WESTERHOLD:  Yes, Your Honor.
18            THE COURT:  Ms. Anton, is that yours?
19            MS. ANTON:  Yes, Your Honor.
20            THE COURT:  Do you fully understand that stipulated
21   factual basis in support of plea?
22            THE DEFENDANT:  I understand it, Your Honor.
23            THE COURT:  Do you fully understand it?
24            THE DEFENDANT:  Understand it is one thing.  Agreeing
25   is another, Your Honor.
```

1           **THE COURT:**  That's why I'm asking you.  Do you fully
2    understand it?
3           THE DEFENDANT:  I understand it, yes, Your Honor.
4           **THE COURT:**  That's not what I asked you.  Do you fully
5    understand it?
6           THE DEFENDANT:  Yes, Your Honor.
7           **THE COURT:**  And are the facts in that stipulated
8    factual basis in support of plea true and accurate to the best
9    of your knowledge and belief?
10          THE DEFENDANT:  No, Your Honor.
11          **THE COURT:**  Counsel?
12          MR. WESTERHOLD:  Give me a chance to speak with him.
13          **THE COURT:**  Sure.
14               (Discussion held off the record.)
15          **THE COURT:**  Counselor?
16          MR. WESTERHOLD:  I think he is ready to go forward.
17          **THE COURT:**  Okay.  Mr. Nieves, are the facts in that
18   stipulated factual basis in support of plea true and accurate to
19   the best of your knowledge and belief?
20          THE DEFENDANT:  Yes, Your Honor.
21          **THE COURT:**  Government, is there anything else I need
22   to cover before taking a plea and adjudicating guilt?
23          MS. ANTON:  No, Your Honor.
24          **THE COURT:**  Defense?
25          MR. WESTERHOLD:  No, Your Honor.

1           **THE COURT:**  Mr. Nieves, how do you now plead to Count 1
2   of the indictment which charges you with knowingly persuading,
3   inducing, enticing, or coercing an individual who had not
4   attained the age of 18 years, that is, L.A., to engage in any
5   sexual activity for which a person can be charged with a
6   criminal offense and attempted to do so in violation of Title
7   18, United States Code, Section 2422(b), guilty or not guilty?
8           THE DEFENDANT:  Guilty, Your Honor.
9           **THE COURT:**  And how do you now plead to Count 2 of the
10  indictment, which charges that you did knowingly persuade,
11  induce, entice, or coerce an individual who had not attained the
12  age of 18 years, that is, I.R., to engage in any sexual activity
13  for which a person can be charged with a criminal offense and
14  attempted to do so in violations of Title 18, United States
15  Code, Section 2422(b), guilty or not guilty?
16          THE DEFENDANT:  Guilty, Your Honor.
17          **THE COURT:**  Very well.  It is the finding of the Court
18  in the case of United States vs. Jose Nieves, Jr., Case
19  No. 15-60123-CR-Rosenberg, that the Defendant is fully competent
20  and capable of entering an informed plea and that the Defendant
21  is aware of the nature of the charges and the consequences of
22  the pleas and that the pleas of guilty are knowing and voluntary
23  pleas supported by an independent basis in fact containing each
24  of the essential elements of the offense.  The pleas are
25  accepted, and the Defendant is now adjudged guilty of those

1       offenses.
2              Mr. Nieves, I need to advise you that since I am a
3       United States magistrate judge, you may be able to appeal that
4       adjudication of guilt to the district judge in this case.  If
5       you decide to do that, you must do so before you are sentenced.
6       Do you understand?
7              THE DEFENDANT:  Yes, Your Honor.
8              **THE COURT:**  In connection with that, I also want to
9       advise you that failure to file timely objections waives your
10      right to review issues related to your guilty pleas before the
11      District Court or the Court of Appeals, even under a plain error
12      standard.  Do you understand?
13             THE DEFENDANT:  Yes, Your Honor.
14             **THE COURT:**  I also want to advise you that a written
15      presentence report will be prepared by the Probation Office to
16      assist the judge at sentencing.  You will be asked to give
17      information for the report, and your attorney may be present
18      when you do so if you wish.  The Court will permit you and your
19      attorney to read the presentence report and file any objections
20      to the report before the sentencing hearing.  You and your
21      attorney will have an opportunity to speak on your behalf at
22      that sentencing hearing.
23             Anything else, Government?
24             MS. ANTON:  No, Your Honor, nothing from the
25      Government.

1     **THE COURT:** Defense?

2     MR. WESTERHOLD:  No, Your Honor.

3     **THE COURT:** Very well.  Thank you all and good luck to

4  you, sir.

5     (Thereupon, the proceedings were concluded

6     at 1:11 PM.)

7

8     * * * *

9

10  **C E R T I F I C A T E**

11

12     I, Tamra K. Piderit, Certified Realtime Reporter and

13  Registered Diplomate Reporter, certify that the foregoing is a

14  correct transcript from the record of proceedings in the

15  above-entitled matter.

16     Dated this 20th day of July, 2017.

17

18     /s/ ***Tamra K. Piderit***

19     Certified Realtime Reporter
       Registered Diplomate Reporter

20

21

22

23

24

25