**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CR-60123-ROSENBERG**

UNITED STATES OF AMERICA,

v.

JOSE NIEVES JR.,

    Defendant-Movant.
_____/

**ORDER DENYING MOTION**

This cause comes before the Court upon the Defendant's Motion for Compassionate Release [DE 54] (the "Motion"). The Court has reviewed all of the relevant filings and the court file. For the reasons check marked below,[1] it is **ORDERED AND ADJUDGED** that the Motion is denied.

☐ **Failure to Persuade the Court that all Administrative Remedies have Been Exhausted**

In order for this Court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(1), the Movant must first exhaust all administrative rights to appeal a failure by the Bureau of Prisons to bring such a motion on the Movant's behalf, or more than thirty days must have passed since the receipt of such a request by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Here, the Court is not persuaded that the Movant has exhausted all administrative rights and/or that more than thirty days have passed since the receipt of any such request by the Bureau of Prisons.

---

[1] Any paragraph in this Order that is *not* preceded by a check mark does not form a basis for the Court's denial of the Motion.

☐ **Failure to Persuade the Court that there is an Extraordinary and Compelling Basis to Reduce the Sentence**

For this Court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(1), there must be "extraordinary and compelling reasons" to warrant the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). After consideration of case law on this standard, and in particular the application notes in the Sentencing Guidelines on the topic, the Court is not persuaded that the Movant has an extraordinary and compelling reason to warrant a sentencing reduction.

☐ **Failure to Persuade the Court that the § 3553 Sentencing Factors Support a Sentence Reduction**

In the event the Movant qualifies for a sentence reduction under 18 U.S.C. § 3582, this Court must determine if it will exercise its discretion to reduce the Movant's sentence after consideration of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).  These factors include: include: (1) the nature and circumstances of the offense and the history and characteristics of the Movant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the Movant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; and (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).  After giving due consideration to the sentencing factors, the Court is not persuaded that the Movant is entitled to a modification of the Movant's sentence.

☐ **Failure to Persuade the Court that the Movant does not Pose a Danger to the Safety of Others**

Even if the Movant has a sufficiently extraordinary and compelling reason to warrant a sentence reduction, the Court must still conclude that the Movant does not pose a threat or danger to society, as defined in 18 U.S.C. § 3142. After due consideration of the § 3142 factors, the Court is not persuaded that the Movant does not pose a threat or danger to society.

☒ **The Movant Does not Qualify for any Amendments to the Sentencing Guidelines**

Recent amendments to the Sentencing Guidelines allow for sentences to be modified, subject to certain restrictions. U.S.S.G. 4C1.1; Application to Amendment 821; Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendlyamendments/202308_RF-retro.pdf. Here, the Movant does not qualify for any relief under the recent amendments to the Sentencing Guidelines.

☒ **The Motion is Denied for the Reasons set forth in the Response to the Motion**

The Court agrees with the reasoning in the Response, and the Court adopts and incorporates the Response herein as a basis for its denial of the Motion.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of June, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record